IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRUCE PIRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-CV-04265-NKL |
| ) | |
| BOONE COUNTY FIRE ) | JURY TRIAL DEMANDED |
| PROTECTION DISTRICT, ) | |
| ) | |
| and ) | |
| ) | |
| Steve Paulsell ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### General Allegations

**COMES NOW** Plaintiff, Bruce Piringer, by and through counsel, and for his cause of action against Defendants state as follows:

1. Plaintiff Bruce Piringer is a resident of Boone County, Missouri.

2. Defendant Boone County Fire Protection District (hereinafter the "Fire District"), is a political subdivision organized pursuant to Section 321.010, RSMo.

3. Defendant Fire District covers approximately 532 square miles in Boone County, Missouri.

4. It has an operating budget in 2006 of approximately $2.6 Million.

5. Other income from rental fees and interest earned brings Defendant Fire District's total income annually to more than $3 Million.

6. At all relevant times herein the Fire District had in excess of 15 full-time employees.

7. Defendant Steve Paulsell is a resident of Boone County, Missouri.

8. Defendant Steve Paulsell was at all relevant times herein an employee of the Boone County Fire Protection District and was employed as Fire Chief.

9. Former secretary to Defendant Paulsell and present Assistant Chief Sharon Curry earns approximately $93,460.00 annually.

10. When Sharon Curry was a secretary for the Fire District in 1996, she earned $25,120.

11. Sharon Curry has no fire service experience.

12. Sharon Curry has no ranking within the paramilitary ranking system of the Boone County Fire Protection District.

13. In the last 40 years there has only been one female promoted to lieutenant at the Boone County Fire Protection District. At the time of Plaintiff termination there were no female officers at the Boone County Fire Protection District.

14. Sharon Curry, who is Chief Paulsell's girlfriend, is the only female presently employed by the Boone County Fire Protection District that has any supervisory or managerial responsibility.

15. There are more than 200 firefighters in the Fire District.

16. The nature of employment relationship between the firefighters and Defendant Boone County Fire Protection District satisfies the requirements of Title VII with respect to employment.

17. The volunteer firefighters who are utilized by the Boone County Fire Protection District receive substantial benefits from the firefighting activities performed on behalf of Defendants.

18. The employer/employees' relationship is further satisfied for the purposes of Title VII because the volunteer firefighters described above are employees under Federal Common Law.

19. Pursuant to Section 321.010, RSMo, the Boone County Fire Protection District is governed by a Board of Directors. The Board of Directors is hereinafter referred to as "the Board."

20. Plaintiff began employment with the Boone County Fire Protection District in January 2003. He was employed as Assistant Fire Chief in charge of training.

21. Plaintiff's annual evaluations were good, and no problems were ever documented in his personnel file or his employment records.

22. During Plaintiff's period of employment, he received several awards and recognitions for outstanding service.

23. When Plaintiff was hired, Curry and Paulsell were involved in a sexual relationship.

24. Curry's intimate relationship with Paulsell resulted in her being promoted to Assistant Chief.

25. Because of her sexual relationship with Paulsell, Curry enjoyed certain special privileges at the Fire District which were denied to male officers including:

    a. She attended all Board meetings including executive sessions;

    b. She traveled with the Chief and stayed in motel rooms with him at Fire District expense;

    c. She had access to spend the Board's money when other Assistant Fire Chiefs were denied;

    d. She utilized property of the Board for her personal needs which other Assistant Fire Chiefs were denied; and

e. She behaved in an abusive and disrespectful manner to the public and to other officers and supervisors in the work place, but was never disciplined.

26. During the course of Plaintiff's employment, Plaintiff observed Sharon Curry create a hostile work environment for males at the Boone County Fire Protection District.

27. On May 24, 2005, Curry lost her temper and became verbally abusive to Division Chief Chuck Leake, a subordinate of Plaintiff. Leake filed a written complaint with Piringer who took it to Brown, who then took it to Chief Paulsell.

28. Brown further explained to Chief Paulsell that Curry had been abusive and cursed at Leake, and that this had been reported to him by Piringer. Paulsell responded that he was going to eliminate Brown's position.

29. Paulsell then met with Piringer in his office to discuss his complaint against Curry. Present with Plaintiff Piringer was Deputy Chief Scott. At the meeting, Plaintiff Piringer told Chief Paulsell that Curry needed to be disciplined for her misconduct. The Chief responded that Curry would not be disciplined.

30. Approximately one week later, the Chief met again with all Assistant Chiefs. At that time, Paulsell told them that Sharon Curry was "his enforcer."

31. Shortly thereafter, Plaintiff was called into Paulsell's office and asked "Do you want to continue to work for the BCFPD?"

32. On June 12, 2005, Plaintiff learned that Curry was telling people in the general public that Leake had complained about her to Plaintiff and that Chief of Staff Brown was going to be terminated because the men complained.

33. Later that evening, Plaintiff was called on the telephone at home by news reporter Tony Messenger from the Columbia Daily Tribune and asked if it was true that Brown was going to be terminated because of Leake's complaint against Curry. Plaintiff responded that it was true that Curry was telling people this information.

34. Plaintiff also told the reporter that Curry did berate Division Chief Chuck Leake in the hallway. Plaintiff told the reporter it was not the first time this sort of thing had happened and that it was a pattern of behavior. Plaintiff said that Curry is not held to the same standard of conduct or behavior as male officers. When Chief Paulsell was confronted with Curry's behavior, Paulsell defended her. Plaintiff further explained that Curry is given special privileges with respect to public funds by Paulsell. Plaintiff said that because of Paulsell's sexual relationship with Curry, and his refusal to address criticism of her, it is killing morale at the Fire District.

35. On June 13, 2005, Plaintiff told Chief Paulsell that he had been called by the reporter from the Daily Tribune the evening before and that he had provided information to the reporter about the Curry situation.

36. Plaintiff's statement to the reporter appeared in the Columbia Daily Tribune column published Tuesday, June 14, 2005.

37. On Monday, June 20, 2005, Plaintiff was called into Chief Paulsell's office to meet with the Chief and his attorney, Jeff Parshall. Paulsell told Plaintiff that he could accept a settlement offer of $10,000 and resign, or he would be fired. Attorney Parshall told Plaintiff that he could have time to consider his options.

38. Four (4) days later, Curry had the Fire District send Plaintiff $10,000. Plaintiff never communicated to the Board, the Chief or the Attorney Parshall that he would accept the offer.

5

39. Plaintiff subsequently rejected the offer communicated to him by Chief Paulsell and Attorney Parshall.

40. Plaintiff's pay and benefits stopped on June 20, 2005.

41. Shortly after Plaintiff was told that he was terminated by Chief Paulsell, Board President Willis Smith told other staff at the Boone County Fire Protection District: "We got rid of one trouble maker, and now it's time to get rid of another one."

42. During this same time, Board President Smith pressured Division Chief Leake to withdraw his complaint of sexual discrimination against Sharon Curry.

43. The minutes of the Board meeting on September 16, 2005, indicate that the Boone County Fire Protection District terminated Plaintiff's employment.

44. Plaintiff's termination was not based on any misconduct by him.

**Count I - Claim for Violations of State Law, and § 1983, Claim for Constitutional Violations Against Defendant Paulsell and the Boone County Fire Protection Board**

**COME NOW** Plaintiff, and for Count I of his causes of action against Defendants, states as follows:

45. Plaintiff incorporates by reference, as if fully set out herein, paragraphs 1 through 44 of the General Allegations.

46. The conduct of Defendants, as described above, constitutes the violation Plaintiff's rights under the First Amendment of the United States Constitution.

47. Defendants retaliated against Plaintiff for exercising his rights under the First Amendment of the United States Constitution.

48. Plaintiff is a resident of the Fire District, and depends on the Fire District for the safety of his family and property just as other residents of the Fire District.

49. Plaintiff's comments made to the newspaper reporter that published the article in the Columbia Daily Tribune were a matter of public concern and interest.

50. The comments made by Plaintiff as described above did not cause disruption in the work place for Defendant Fire District.

51. Plaintiff had a right to express his opinion about the conduct of public officials including Defendant Paulsell.

52. The statements made by Plaintiff as described above were true.

53. The statements made by Plaintiff to the press concern the public interest in having Boone County Fire Protection District officials behave in a fashion that is not morally reprehensible or damaging to the morale of firefighters. Plaintiff's statements concern the safety of citizens that live in the Fire District.

54. The statements made by Plaintiff to the press, and his admission to Defendant Paulsell that he had talked to the press, formed a basis of his dismissal from public employment.

55. Plaintiff sought to inform the public regarding the misconduct of Chief Paulsell and Sharon Curry and to an end wrongdoing on the part of public officials.

56. The statements made by Plaintiff sought to bring to the public's attention the misuse of public funds which were being squandered on the enormous salaries paid to Defendant Paulsell and his girlfriend Sharon Curry.

57. When Defendant Paulsell and the public officials in charge of the Boone County Fire Protection District read the newspaper article, they should have been receptive to the constructive criticism provided to the newspaper by Plaintiff and other employees of the Fire District.

58. Plaintiff engaged in activity protected by the First Amendment of the United States Constitution as described above.

59. Defendants took adverse employment action against Plaintiff because of his exercise of his rights under the First Amendment of the United States Constitution as described above.

60. Statements made by Plaintiff to the press related to matters of community concern rather than any personal grievance or interest of Plaintiff Piringer.

61. The motive of Plaintiff in speaking to the press was to inform the public about an issue of public concern for the purpose of addressing wrongs by the public officials involved. The information provided by Plaintiff to the newspaper did inform the issue and was helpful to the public in evaluating the conduct of the governmental officials involved.

62. The conduct of Defendant Paulsell, as described herein, was done within the scope and course of his employment with the Boone County Fire Protection District.

63. The actions of Defendant Paulsell, as described herein, were done under color of state law.

64. The actions of Defendant Paulsell, as described above, violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.

65. The actions of Defendant Paulsell, as described herein, were done in his official capacity.

66. Alternatively, the actions of Defendant Paulsell, as described herein, were done in his individual capacity, and not in the scope and course of his employment, and not within the authority of his position with the Boone County Fire Protection District.

67. The conduct of Defendant Board, as described herein, was done within the scope and course of its authority claimed under the law.

68. The actions of Defendant Board, as described herein, were done under color of state law.

69. The action of Defendant Board, as described herein, violated Plaintiff's rights under the First and Fourteen Amendments of the United States Constitution.

70. The actions of Defendant Board, as described herein, were done in its official capacity.

71. Alternatively, the actions of Defendant Board, as described herein, were done by Board members in their individual capacity, and not in the scope and course of their responsibility as legally granted and imposed upon them by the law, and not within the authority of the Board.

72. The actions of Defendants, as described herein, caused a constitutional deprivation of Plaintiff's rights, and were part of an official policy, practice or custom of the Boone County Fire Protection District.

73. The custom used by Defendant Boone County Fire Protection District violates Plaintiff's constitutional rights.

74. There was deliberate indifference to Plaintiff by Defendant Boone County Fire Protection District after it was on notice of the misconduct as described herein.

75. Defendants knew or should have known that their actions would violate the constitutional rights of the Plaintiff.

76. The actions of Defendants, as described herein, violate clearly established statutory and constitutional rights of which a reasonable person would have known.

77. The conduct of Defendants as described above subjects them to liability for terminating Plaintiff's employment in violation of state law because of the whistle blower exception to the Employee at Will Doctrine, because:

    a. Plaintiff complained to the authorities of unlawful conduct on the part of Curry for the purpose of confronting, addressing and changing unlawful conduct;

    b. The information reported by Plaintiff was true; and

    c. Defendants terminated Plaintiff in retaliation for his reports of unlawful conduct.

78. The actions of Defendant Paulsell and the Board, as described herein, were willful, wanton, and violated Plaintiff's rights, causing him damage.

79. Defendants are subject to punitive damages in an amount that will punish them and deter other Defendants from similar conduct in the future.

80. Defendants are subject to punitive damages in the amount of Two Million Dollars ($2,000,000); that is One Million Dollars ($1,000,000) each.

81. The conduct of the Defendants, as described herein, has resulted in damage to Plaintiff in the following respects:

    a) Personal injury;

  b)  Pain and suffering;

  c)  Emotional, psychological, and physical suffering;

  d)  Loss of enjoyment of life, including the ability to carry on with his customary duties and responsibilities and to enjoy the pleasures that were his customary way of life;

  e)  Loss of income and other emoluments of employment;

  f)  Humiliation; and,

  g)  Attorney's fees and expenses.

**WHEREFORE**, Plaintiff, for Count I of his Petition, prays for a judgment against Defendants for actual damages that are fair and reasonable, for punitive damages in an amount that will punish Defendants and deter others from similar conduct, for Plaintiff's attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT II: SEXUAL HARASSMENT, RETALIATION AND HOSTILE WORK ENVIRONMENT CLAIM AGAINST DEFENDANT BOONE COUNTY FIRE PROTECTION DISTRICT

**COMES NOW,** Plaintiff, by and through counsel, and for his cause of action against Defendants states as follows:

82. Plaintiff incorporates by reference, as if fully set out herein, paragraphs 1 through 44 of the General Allegations.

83. The actions of Defendant, as described herein, constitute unlawful conduct under Title VII of the Civil Rights Act of 1964 as amended, 42 USC § 2000(e) et. sec. (hereinafter "Title VII).

84. The claims hereinafter alleged seek declaratory injunctive relief and compensatory and punitive damages for Defendant's intentional discrimination and wrongful acts pursuant to Title VII.

85. Males were not treated in the same manner as a female that was having a sexual relationship with the Fire Chief as described above.

86. The terms and conditions of Plaintiff's employment with Defendant Boone County Fire Protection District were contingent upon tolerance and acquiescence to Defendant Paulsell's sexual discrimination.

87. At all relevant times herein, the Board knew, or, in the alternative, should have known that Defendant Paulsell engaged in the conduct alleged herein.

88. Defendant Boone County Fire Protection District was informed by Rob Brown and others that Sharon Curry was receiving special treatment because she was the girlfriend of Chief Paulsell.

89. Defendant Boone County Fire Protection District took no action to protect Plaintiff or discipline or punish Paulsell or Curry for the conduct alleged herein.

90. The conduct complained of by Plaintiff was unlawful under Title VII.

91. The aforementioned employment practices of Defendant Boone County Fire Protection District were discriminatory, intentional, continuous and constitute the creation and maintenance of a hostile work environment, and disparate treatment of Plaintiff because of his sex, all in violation of Title VII.

92. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered irreparable harm, emotional pain, suffering, humiliation, inconvenience, mental anguish,

12

and loss of enjoyment of life, attorneys' fees and expenses and will continue to suffer the same unless and until the Court grants relief.

93. Plaintiff requests punitive damages against Defendant for its unlawful conduct and knowing and intentional violation of Plaintiff's rights and to punish this Defendant and deter others who are similarly situated from engaging in this conduct.

94. The conduct of Defendant as alleged herein was the proximate cause of Plaintiff's damages which include:

    a) Personal injury;

    b) Pain and suffering;

    c) Emotional, physiological, and physical suffering;

    d) Loss of enjoyment of life, including the ability to carry on his customary duties and responsibilities and to enjoy the pleasures of recreation that was his customary way of life;

    e) Loss of income and other emoluments of employment;

    f) Humiliation; and,

    g) Attorney's fees and expenses.

**WHEREFORE**, Plaintiff Piringer, for Count II of this Petition, prays for a judgment against Defendant, for actual damages that are fair and reasonable, for punitive damages in an amount that will punish this Defendant and deter others from similar conduct, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DAVID J. MOEN, P.C.**

  /s/ David J. Moen
David J. Moen          #39239
613 East McCarty Street
Jefferson City, MO  65101
Telephone:  (573) 636-5997
Facsimile:  (573) 636-3799

**ATTORNEY FOR PLAINTIFF**